IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FELICIA WALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civ. Act. No. 07-260-*** |
| | ) |
| PATRICK RYAN, et al., | ) |
| | ) |
| Respondents. | ) |

## ANSWER

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

Delaware State Police arrested Felicia Wall on April 12, 2005. On July 5, 2005, the Kent County grand jury issued an eleven-count indictment charging Wall with various weapons and drug charges. On July 26, 2005, Wall pled guilty to possession of a deadly weapon by a person prohibited, conspiracy in the second degree, and criminal impersonation, and Superior Court sentenced Wall to a total of 6 years at level V, suspended immediately for 6 months at level IV, followed by 1 year at level III probation. Wall was held at the Baylor Women's Correctional Institution ("BWCI") from April 12, 2005 until August 9, 2005. Wall was released to probation until bed space became available on October 31, 2005 when she was placed at level IV home confinement. On January 25, 2006, probation officials charged Wall with a violation of probation, and returned Wall to BWCI. On February 3, 2006, Superior Court found Wall guilty of violating her probation and sentenced her to 3 years at level V, suspended for 1 year at level V Harbor House, suspended in turn upon successful completion of Harbor House for 1 year at level III probation. Wall remained incarcerated from January 25, 2006 until January 17, 2007, when

she was transferred to the Plummer Center, a level IV work-release facility.  Wall remained at the Plummer Center only until January 19, 2007, when she was returned to BWCI because correctional officials learned that Wall had an outstanding fugitive warrant from the State of Maryland.  Wall remained at BWCI until July 19, 2007 when she was released from custody.  Wall is not presently under any level of custodial supervision in the State of Delaware.

In her petition, Wall has raised only one issue: that she is being improperly held at level V as a result of a Maryland arrest warrant.  *See generally* 11 *Del. C.* §§ 2513, 2516.  Wall has not challenged the proceeding that resulted in the Superior Court's order finding she had violated probation, nor does she contend that the sentence order imposed exceeded the time remaining on her previously suspended sentence. Wall's claim must therefore fail as moot.  Article III, Section 2, of the United States Constitution only authorizes federal courts to consider ongoing cases or controversies.  *See Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).  When a habeas petitioner challenges her underlying convictions, and is released during the pendency of her habeas petition, federal courts presume that "a wrongful conviction has continuing collateral consequences" sufficient to satisfy the injury requirement.  *Spencer v. Kemna*, 523 U.S. 1, 8 (1998).  When, however, the petitioner challenges her sentence rather than her conviction, courts will not presume the injury requirement is satisfied.  *See Chong v. District Director, INS*, 264 F.3d 378, 383-84 (3d Cir. 2001).  Under such circumstances, the petitioner must show some "collateral consequence" stemming from the alleged sentencing error, and that her injury is "likely to be redressed by a favorable judicial decision."  *Spencer*, 523 U.S. at 7.  In the absence of continuing collateral consequences, such a habeas claim is moot, and a federal district court does not have jurisdiction to review moot claims.  *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a

jurisdictional question"). This Court has repeatedly denied as moot habeas petitions in which an inmate has raised a sentencing claim that has been resolved by a subsequent state court modification of the sentencing order, or the outright release of the inmate from incarceration. *See, e.g., Ortiz v. Williams*, 489 F.Supp.2d 381, 385-86 (D. Del. 2007); *Hansley v. Ryan*, 482 F.Supp.2d 383, 385-86 (D. Del. 2007); *Kostyshyn v. Kearney*, 386 F.Supp.2d 589, 592 (D. Del. 2005); *Yost v. Carroll*, 385 F.Supp.2d 468, 470 (D. Del. 2005). C*f. Evans v. Holden*, 474 F.Supp.2d 587, 590-91 (D. Del. 2007) (record unclear whether withdrawal of detainer and warrant by Board of Parole removed all collateral consequences); *Miles v. Williams*, 386 F.Supp.2d 582, 585-86 (D. Del. 2005).

There are four circumstances when a claim may not be dismissed as moot: (1) when dismissal of the claim will have collateral consequences for the petitioner; (2) when the alleged wrong is capable of repetition yet evades review; (3) when the respondent voluntarily ceased the alleged illegal practice but could resume at any time; and (4) when the matter is properly certified as a class action. *See Hansley*, 482 F.Supp.2d at 386 n.3, *citing Chong*, 264 F.3d at 384. Here, dismissal of the petition will have no collateral consequences to Wall. Wall alleged that she should not have been detained at level V because of a Maryland warrant for her arrest. Department of Correction records show that Wall was released from incarceration on July 19, 2007 and is not presently under any level of supervision. At this point, Wall's complaint that she be released from incarceration has been satisfied. Wall's petition does not allege a pattern or practice that is capable of repetition yet evades review. Wall is not under any level of supervision from the Delaware Department of Correction, and there is accordingly no likelihood that the challenged action could resume. Finally, the matter clearly has not been certified as a class action. Therefore, Wall's petition should be dismissed as moot.

Wall's guilty plea and sentencing, as well as her subsequent violation of probation hearing were recorded, but have not been transcribed. Respondents anticipate that production of such transcripts would require 90 days from the date of any order by this Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

STATE OF DELAWARE<br>
DEPARTMENT OF JUSTICE<br>
<br>
/s/ Gregory E. Smith<br>
Gregory E. Smith, I.D. No. 3869<br>
Deputy Attorney General<br>
820 North French Street, 7th Floor<br>
Carvel State Building<br>
Wilmington, Delaware  19801<br>
(302) 577-8398

Dated: October 3, 2007

# CERTIFICATION OF SERVICE

The undersigned certifies that on October 3, 2007, he electronically filed the attached *Answer* with the Clerk of Court using CM/ECF. The undersigned further certifies that on October 3, 2007 that he mailed by United States Postal Service the document(s) to the following non-registered participant:

Felicia Wall
1012 White Oak Road
Dover, Delaware 19901

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Gregory E. Smith
        Gregory E. Smith, ID # 3869
        Deputy Attorney General
        820 North French Street, 7th Floor
        Carvel State Building
        Wilmington, Delaware 19801
        (302) 577-8398