IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| FELICIA WALL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 07-260-JJF |
| | : | |
| PATRICK RYAN, Warden, and | : | |
| ATTORNEY GENERAL OF THE STATE | : | |
| OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

---

Felicia Wall. Pro se Petitioner.

Gregory E. Smith, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Respondent.

---

**MEMORANDUM OPINION**[1]

July 30, 2008
Wilmington, Delaware

---

[1] The case was re-assigned from the Vacant Judgeship to this Court on February 1, 2008.

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Felicia Wall ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On July 5, 2005, the Kent County grand jury issued an eleven-count indictment charging Petitioner with various weapons and drug charges. On July 26, 2005, Petitioner pled guilty to possession of a deadly weapon by a person prohibited, conspiracy in the second degree, and criminal impersonation. The Superior Court sentenced Petitioner to a total of 6 years of incarceration at Level V, suspended immediately for 6 months at Level IV home confinement, followed by 1 year at Level III probation. (D.I. 12; D.I. 14.)

Petitioner was held at the Baylor Women's Correction Institution ("BWCI") from April 12, 2005 until August 9, 2005. Petitioner was released to Level III probation until bed space became available on October 31, 2005, when she was placed at Level IV home confinement. Id.

On January 25, 2006, probation officials charged Petitioner with a violation of probation and returned her to BWCI. On

1

February 3, 2006, the Superior Court found Petitioner guilty of violating her probation and sentenced her to 3 years of incarceration at Level V, suspended after 1 year at Level V Harbor House, suspended in turn upon the successful completion of Harbor House for 1 year at Level IV work release.  (D.I. 14, Modified Viol. of Prob. Sentence Order, dated March 29, 2006.) Petitioner remained incarcerated from January 25, 2006 until January 17, 2007, when she was transferred to the Plummer Center, a Level IV work-release facility.  Petitioner was returned to BWCI two days later, on January 19, 2007, because correctional officials learned that she had an outstanding fugitive warrant from the State of Maryland.  Id.

Petitioner filed the instant Petition on May 17, 2007. (D.I. 1.)  She was released from BWCI on July 19, 2007, and Respondents filed their Answer on October 3, 2007.  (D.I. 12.) Respondents ask the Court to deny the Petition as moot.  Id.

**II. DISCUSSION**

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a). Additionally, pursuant to Article III of the Constitution, federal courts only have jurisdiction to decide an issue if it presents a live case or controversy throughout all stages of litigation.  North Carolina

2

v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). An incarcerated petitioner's challenge to the validity of her conviction satisfies Article III's case-or-controversy requirement. Spencer v. Kemna, 523 U.S. 1, 7 (1998). However, when a petitioner challenges the execution of her sentence rather than the legality of her state conviction, Article III's "actual controversy" requirement will only be satisfied if the petitioner demonstrates continuing collateral consequences stemming from the illegal execution that are "likely to be redressed by a favorable judicial decision."[2] Id. at 7, 13-14.

In this case, Petitioner challenges the execution of her sentence and contends she is being held improperly at Level V as a result of the Maryland arrest warrant. However, Petitioner was released from incarceration on July 19, 2007, and the record indicates that she is not presently under any level of supervision. Moreover, Petitioner has not demonstrated any

---

[2]There are three other exceptions to the mootness doctrine: (1) the issue is a wrong that is capable of repetition yet evading review; (2) the respondent voluntarily ceases the alleged illegal practice but can resume it at any time; and (3) it is properly certified as a class action. See Chong v. District Director, INS, 264 F.3d 378, 384 (3d Cir. 2001). None of these exceptions apply to Petitioner's situation.

continuing collateral consequences stemming from the delay in her release status sufficient to meet the "actual controversy" requirement of Article III. Therefore, the Court will deny the Petition as moot. See, e.g., Lovett v. Carroll, 2002 WL 1461730, at *2 (D. Del. June 27, 2002)(once the unlawful execution of sentence ceased, petitioner lacked standing to maintain the habeas action and the court dismissed his petition as moot).

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that it cannot review the Petition because the sole claim asserted therein is moot. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

**IV.  CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.